IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATLANTIC CITY ELECTRIC CO., INC., | : | CIVIL ACTION NO. 09-03573 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE ESTATE OF JERRY RICCARDO, ET AL. | : | |
| | : | |
| Defendant. | : | |


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          AUGUST 10, 2011


## I. INTRODUCTION

Plaintiff Atlantic City Electric Co. ("ACE" or "Plaintiff") brings this action against Defendants Denise Riccardo and the Estate of Jerry Riccardo ("Riccardos" or "Defendants") seeking to set aside an arbitration award which was allegedly procured by fraud.  ACE contends that Defendants knew at the time of the arbitration that Jerry Riccardo was suffering from terminal cancer and that, despite having a duty to do so, Defendants failed to disclose this to ACE.  The Riccardos moved for summary judgment arguing that ACE'S fraud and misrepresentation claims are time barred.

## II. BACKGROUND

In 2005, the Riccardos filed a claim against ACE in the United States District Court for the District of New Jersey seeking money damages (the "first action") for an accident in which Jerry Ricardo ("Mr. Riccardo") received an electric shock causing him to fall down a ladder and sustain personal injuries. The parties engaged in extensive discovery, especially regarding Mr. Riccardo's health, and later agreed to dismiss the matter and place it in binding arbitration.  The parties stipulated that the JAMS Arbitration Administrative Policies would apply to the arbitration. (Stipulation for Arbitration and Selection of Arbitrator, doc. no. 44-1 at 15-16.) After the arbitration hearing, on September 3, 2008, the arbitrator entered an award in favor of Mr. and Mrs. Riccardo in the amount of $750,000, which was paid in full.

As noted, the arbitration award was entered on September 3, 2008.  The following events are relevant in determining when Plaintiff knew or should have known of the alleged fraud in the arbitration hearing.

On October 21, 2008, Plaintiff's counsel sent a letter to counsel for Mr. Riccardo noting that counsel for ACE "ha[d] been told" that Mr. Riccardo "may be suffering from brain cancer or another terminal illness" and inquiring as to whether there was any truth to these allegations.  According to Plaintiff, no

-2-

response was ever received. (Pl.'s Resp. at 5.) Mr. Riccardo died on October 25, 2008, less than two (2) months after the arbitration award was entered.  On October 31, 2008, counsel for ACE notified Judge Diane Welsh [Ret.], the JAMS arbitrator, that it might be necessary for ACE to file a motion to vacate the arbitration award because of the newly discovered information. On November 6, 2008, JAMS responded that, pursuant to their rules, Judge Welsh no longer had jurisdiction over this matter.

On November 17, 2008, Counsel for ACE wrote to the Judge Joseph Irenas of the United States District Court for the District of New Jersey outlining the events that occurred after the arbitration.  This letter resulted in the parties having a telephone conference with Magistrate Judge Ann Marie Donio of the United States District Court for the District of New Jersey.  The telephone conference was unsuccessful in resolving the issues relating to the arbitration.  Thereafter, on January 29, 2009, ACE filed a motion in the United States District Court for the District of New Jersey asserting that the arbitration award should be vacated based on allegations of fraud in that the Defendants had not disclosed Mr. Riccardo's illness.[1]  On April 29, 2009, before the court ruled on ACE's Motion to Vacate, ACE filed a new complaint in the United States District Court for the

---

[1]     The motion, however, was filed in the first action which had been dismissed by agreement of the parties to allow the parties to proceed to arbitration.

-3-

District of New Jersey (the "second action") alleging that Defendants violated the New Jersey Arbitration Act, Common Law Arbitration, and Federal Rule of Civil Procedure 26.  On May 1, 2009, Judge Irenas denied the defendants' motion to dismiss, filed in the first action, finding that the court lacked jurisdiction to vacate the award.

On August 4, 2009, Judge Irenas transferred the second action to this Court.  On September 2, 2009, ACE filed an amended complaint in this Court, adding a claim for common law fraud and misrepresentation.  On September 14, 2009, Defendants filed a motion to dismiss asserting that Plaintiff's claims were barred by the statute of limitations. (Doc. no. 8.)

On February 4, 2010, this Court dismissed Counts I, II, and III of Plaintiff's Complaint. Atlantic City Elec. Co. v. Estate of Riccardo, 682 F. Supp. 2d 498, 507 (E.D. Pa. 2010). This Court denied Defendants' Motion to Dismiss as to Plaintiff's common law fraud and misrepresentation claims because the Riccardos had not addressed why the fraud and misrepresentations claims should be dismissed.

This Court must now determine whether Defendants are entitled to summary judgment as to Plaintiff's common law fraud and misrepresentation claims.

-4-

**III. DISCUSSION**

In their motion for summary judgment, Defendants argue that Plaintiff's fraud and misrepresentation claims are time barred under Pennsylvania law. There are two issues which this Court must address in determining whether Defendants are entitled to summary judgment: (1) whether the thirty (30) day time limit in which a party must challenge an arbitration award in a statutory arbitration applies to common law arbitrations; and (2) if so, whether Plaintiff knew or should have known of the alleged fraud more than thirty (30) days prior to the time that Plaintiff moved to vacate the arbitration award.

     A.   <u>Legal Standard for Summary Judgment</u>

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a

-5-

verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

Typically, the determination of whether a plaintiff's claim is barred by the statute of limitations is a "fact intensive" issue, see Kach v. Hose, 589 F.3d 626, 642 (3d Cir. 2009) (quoting Wilson v. El-Daief, 964 A.2d 354, 362 (Pa. 2009)); however, "where reasonable minds could not differ on the subject," the statute of limitations becomes an issue of law which is ripe for disposition at the summary judgment stage. See id.

B.  <u>Applicable Law Governing Enforcement of the Arbitration</u>
    <u>Award</u>

         At the time that the first action was dismissed, the
parties agreed to submit their claims to binding arbitration and
stipulated that the JAMS Arbitration Administrative Policies
would apply to the arbitration. (Stipulation for Arbitration and
Selection of Arbitrator, doc. no. 44-1, at 15-16.) According to
the JAMS Rules, either the Federal Arbitration Act or applicable
state law controls in a proceeding to vacate an arbitration
award. (JAMS Streamlined Arbitration Rules & Procedures, doc. no.
48-4, Rule 20, at 18.) The parties have agreed that the Federal
Arbitration Act does not apply in this case. <u>See</u> <u>Estate of</u>
<u>Riccardo</u>, 682 F. Supp. 2d at 501 n.3 (citing Pl.'s Br., doc. no.
10 at 14-15; Defs.' Br., doc. no. 15, at unnumbered 1-2.)
Moreover, this Court has already determined that Pennsylvania law
is applicable to Plaintiff's claims. <u>See</u> <u>Estate of Riccardo</u>, 682
F. Supp. 2d at 505. Accordingly, the issue of whether Plaintiff's
fraud and misrepresentation claims are time barred is to be
determined under Pennsylvania law.


         1.  <u>Time in which to Move to Vacate an Arbitration</u>
             <u>Award under Pennsylvania Statutory or Common Law</u>
             <u>Arbitration Provisions</u>

         The issue of whether the thirty (30) day time limit
within which a party must challenge an arbitration award applies

-7-

in this case is essential to the disposition on this case since, in the event that the thirty (30) day time limit does not apply to Plaintiff's claims, the two (2) year statute of limitations which applies generally in fraud and misrepresentation claims would apply. Estate of Riccardo, 682 F. Supp. 2d at 507 n.13 (citing 42 Pa. C.S. § 5524(7)). Because the parties agreed to submit their claims to arbitration, Chapter 73 of the Pennsylvania Code, which governs statutory and common law arbitration, applies in this case and the two (2) year statute of limitations, which generally applies to fraud and misrepresentation claims, does not apply. See 42 Pa. Cons. Stat. §§ 7301-7342; see also Sage v. Greenspan, 765 A.2d 1139, 1141 (Pa. Super. Ct. 2001).

Pennsylvania recognizes two (2) types of arbitration proceedings, statutory and common law arbitration. Subchapter A of Chapter 73, also known as the Pennsylvania Uniform Arbitration Act ("UAA"), governs statutory arbitration. 42 Pa. Cons. Stat. §§ 7301-7320. Subchapter B of Chapter 73 governs common law arbitration. 42 Pa. Cons. Stat. §§ 7341 & 7342. Pursuant to 42 Pa. Cons. Stat. § 7302(a), under Subchapter A,

> [a]n agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this

-8-

>subchapter . . . in which case the arbitration shall be
>governed by this subchapter.

If there is no express provision in the arbitration agreement
providing that the UAA statutory provisions of Subchapter A
apply, then the arbitration is governed by the common law
arbitration provisions of Subchapter B. Sage, 765 A.2d at 1141.

42 Pa. Cons. Stat. § 7314(b), which is part of
Subchapter A, provides that an application of a party to vacate
an arbitration award, "shall be made within 30 days after
delivery of a copy of the award to the applicant, except that, if
predicated upon corruption, fraud, misconduct or other improper
means, it shall be made within 30 days after such grounds are
known or should have been known to the applicant."  42 Pa. Cons.
Stat. § 7342(b), which is part of Subchapter B, provides that,
"[o]n application of a party made more than 30 days after an
award is made by an arbitrator under section 7341 (relating to
common law arbitration) the court shall enter an order confirming
the award and shall enter a judgment or decree in conformity with
the order."

This Court has previously acknowledged that regardless
of whether Pennsylvania's statutory or common law arbitration
provisions govern a particular arbitration, any challenge to an
arbitration award must be made by filing a petition to vacate the
award within thirty (30) days after the date of the award or in
the case where fraud is alleged, thirty (30) days after the day

-9-

that the party knew or should have known of any alleged fraud. Estate of Riccardo, 682 F. Supp. 2d at 501 n.3 (citing U.S. Claims Inc. v. Dougherty, 914 A.2d 874, 877 (Pa. Super. Ct. 2006); Sage, 765 A.2d at 1142; Beriker v. Permagrain Products Inc., 500 A.2d 178, 179 (Pa. Super. Ct. 1985)).

This thirty (30) day rule was expressly adopted by the Supreme Court of Pennsylvania in Moscatiello v. Hilliard, where the court stated that, "[r]egardless of whether an arbitration agreement provides for arbitration pursuant to the UAA or common law, application of a 30-day time limit for challenging arbitration awards is appropriate." 939 A.2d 325, 330 (Pa. 2007) (citing 42 Pa. Cons. Stat. §§ 7314(b) & 7342(b)).

In Moscatiello, one of the issues before the court was whether the Federal Arbitration Act's (FAA's) procedural provision allowing for a three (3) month time frame in which to challenge an arbitration award preempted Pennsylvania's procedural rule, which set a thirty (30) day time limit. 939 A.2d at 327. The court concluded that Pennsylvania's procedural rule applied since it was consistent with the FAA'S goal of providing for the enforcement of arbitration awards and the Pennsylvania rule "more quickly renders arbitration awards final." Id. at 330.

In determining the time limit applicable under Pennsylvania law, the Moscatiello court construed the arbitration agreement at issue as an agreement for common law arbitration

-10-

since the arbitration agreement did not expressly provide that it would be governed by the UAA; however, the court found that whether the agreement was governed by the statutory or common law arbitration provisions, the thirty (30) day time limit applied. Id. at 330 (citing 42 Pa. Cons. Stat. § 7342(b)).[2]

        Plaintiff is correct in asserting that in Moscatiello, the underlying cause of action was for fraud and that the plaintiff was not asserting that there was any fraud in the arbitration at issue.  However, given the express language of Moscatiello, that a petition to vacate an arbitration award must be filed thirty (30) days after the party seeking to vacate the award knew or should have known that an alleged fraud occurred in the arbitration hearing, the holding of Moscatiello is not limited by the cause of action asserted.

        The decision in Taylor-Winfield Corp. v. WS Liquidation Inc. is distinguishable.  The issue in that case was whether the thirty (30) day time limit for challenging a common law

---

        [2]     Here, the parties stipulated that the JAMS Arbitration Administrative Policies would apply to the arbitration.  Nothing in the JAMS Streamlined Arbitration Rules & Procedures expressly provides that the UAA governs this arbitration or that it is a statutory arbitration.  JAMS Rule 2 states that the parties may agree on any procedures not specified by JAMS in lieu of the JAMS rules.  However, there is no evidence that the parties agreed to any procedures other than the JAMS procedures and, hence, there is no evidence that the parties agreed to statutory arbitration. Therefore, pursuant to 42 Pa. Cons. Stat. § 7302(a), the arbitration between ACE and the Riccardos was a common law arbitration.

arbitration award is triggered on the date the last arbitrator signs the award or on the date the award is delivered to the parties. Nos. 2007-3847 and 2007-3977, 2008 WL 4337909 (March 31, 2008 Pa. Ct. Comm. Pleas, Mercer Cnty.). While the court adopted a different rule for common law arbitrations than that used for statutory arbitrations for the purposes of determining the date from which the thirty (30) day period begins to run, this decision does not deviate from the <u>Moscatiello</u> court's holding that, regardless of whether the arbitration at issue is a statutory or common law arbitration, the thirty (30) day time limit within which to challenge the award applies.

Ultimately, Plaintiffs' argument that the thirty (30) day time limit does not apply to common law arbitrations is essentially an argument that <u>Moscatiello</u> was decided incorrectly by the Supreme Court of Pennsylvania.  As this is a diversity action under 28 U.S.C. § 1332, this Court is tasked with applying Pennsylvania law as interpreted by the Supreme Court of Pennsylvania.  That court having spoken on the issue, the matter is settled.  Therefore, as to the first issue presented in this case, this Court finds that, Plaintiff had thirty (30) days after the time when Plaintiff knew or should have known of any alleged fraud in the arbitration to file a petition to vacate the arbitration award. <u>See</u> <u>Moscatiello</u>, 939 A.2d at 330 (citing 42 Pa. C.S. § 7314(b)).

2.    Whether Plaintiff Moved to Vacate the Arbitration
      Award within Thirty (30) Days After Plaintiff Knew
      or Should Have Known of Any Alleged Fraud in the
      Arbitration

This Court must now address whether Plaintiff moved to vacate the arbitration award within thirty (30) days after Plaintiff knew or should have known of any alleged fraud in the arbitration.  Judge Welsh, the JAMS arbitrator, entered the arbitration award on September 3, 2008.  On October 21, 2008, counsel for ACE sent a letter to counsel for the Riccardos stating that counsel for ACE "ha[d] been told" that Mr. Riccardo "may be suffering from brain cancer or another terminal illness." Mr. Riccardo passed away on October 25, 2008.  On January 29, 2009, ACE filed a motion to vacate the arbitration award in the United States District Court for the District of New Jersey in the first action.  In this motion, ACE cited to the certification of Dr. Howard Levin, who was hired by ACE and evaluated Mr. Riccardo prior to the arbitration hearing. (Levin Cert. ¶ 1.) After Dr. Levin learned of Mr. Riccardo's death, he opined that it was probable that Mr. Riccardo had developed cancer prior to the arbitration hearing. (Id. ¶ 7.) On April 29, 2009, Plaintiff filed the instant action, the second action.

Pursuant to § 7314(b), which, according to Moscatiello, applies to common law arbitrations for purposes of determining the time within which a party must petition to vacate an arbitration award, there is no requirement that ACE knew that

-13-

fraud occurred in the arbitration hearing in order for the thirty (30) day time limit to be triggered.  Rather, the thirty (30) day time limit is triggered when ACE either "knew" or should have known that, allegedly, a fraud occurred in the arbitration hearing.  Here, counsel for ACE's letter dated October 21, 2008 inquiring as to whether Mr. Riccardo was suffering from brain cancer or another terminal illness reveals that, as of that date, ACE should have known that some type of fraudulent activity was afoot.

Although ACE was on notice as early as October 21, 2008 when counsel for ACE acknowledged that she "ha[d] been told" that Mr. Riccardo "may be suffering from brain cancer or another terminal illness," ACE did not obtain Dr. Levin's opinion until January 29, 2009.  While ACE took some steps to investigate the claims of fraud by writing to counsel for the Riccardos and also by writing to Judge Welsh and Judge Irenas, ACE did not move to vacate the arbitration award until January 29, 2009.[3]

Therefore, as Plaintiff did not file the instant action challenging the arbitration award until April 29, 2009, almost six (6) months after the October 21, 2008 date when Plaintiff

---

[3]     Even assuming that Plaintiff's filing of the motion to vacate the arbitration award on January 29, 2009 in the United States District Court for the District of New Jersey, a court without jurisdiction to hear the matter, is the earliest date on which Plaintiff challenged the award, the action would still be barred by the thirty (30) day time limit within which a party must move to vacate an arbitration award under Pennsylvania law.

knew or should have known of the alleged fraud, Plaintiff's fraud and misrepresentation claims are time barred.[4]

This Court need not examine whether ACE justifiably relied on any alleged fraud or misrepresentation since Plaintiff's fraud and misrepresentation claims are time barred.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment will be granted.  An appropriate order will follow.

---

[4]     Plaintiff's Motion for Leave to File an Amended Complaint to add a claim for constructive fraud and unjust enrichment against Defendants, Defendants' attorney, Rosemary Pinto, and against Rosemary Pinto's firm Feldman & Pinto will be denied.  While, pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely" give leave to amend a complaint "when justice so requires," leave to amend should not be granted where the amendment would be futile. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Foman, 371 U.S. at 182). Here, Plaintiff failed to file a petition to vacate the arbitration award within thirty (30) days after the time when Plaintiff knew or should have known of the alleged fraud.  Thus, allowing Plaintiff to amend its complaint to assert claims for constructive fraud and unjust enrichment would be futile. Plaintiff cannot seek to circumvent the thirty (30) day requirement by asserting claims in equity. See Prudential Prop. & Cas. Ins. Co. v. McDaniel, 493 A.2d 731 (Pa. Super. Ct. 1985) (finding that the plaintiff could not ignore the time line established by the UAA and attempt to attack an arbitration award through a declaratory judgment).